IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO Group, Inc.,<br><br>            Plaintiff/ Counter Claim-Defendant<br><br>v.<br><br>Den-Mat Holdings, LLC<br>            Defendant/Counterclaimant | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER TO CENTRAL DISTRICT OF CALIFORNIA**<br><br>Case No.2:15-cv-412-DN<br><br>District Judge David Nuffer |

       Defendant and counterclaimant Den-Mat Holdings, LLC ("Den-Mat") filed this motion to transfer to the Central District of California (the "Motion to Transfer").[1] Den-Mat argues that this case should be transferred under § 28 U.S.C. 1404(a),[2] which states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[3] Plaintiff and counterclaim-defendant CAO Group ("CAO") opposes the Motion to Transfer.[4] While this Motion to Transfer was pending, Den-Mat also filed a Motion to Stay any scheduling in this case until this Motion to Transfer is resolved,[5] and CAO opposed that Motion.[6] As discussed below, the appropriate venue for this patent infringement

---

[1] Def./Countercl. Den-Mat Holdings, LLC's Mot. to Transfer to the Central District of California or, in the Alternative, to Stay ("Motion to Transfer") at 5, docket no. 17, filed August 10, 2015.

[2] *Id.*

[3] 28 U.S.C. § 1404(a).

[4] *See* Mem. in Opp'n to Def./Countercl. Den-Mat Holding's, LLC Mot. to Transfer to the Central District of California or, in the Alternative, to Stay ("Transfer Opposition") at 1, docket no. 24, filed August 27, 2015.

[5] Def./Countercl. Den-Mat Holdings, LLC's Ex Parte Mot. to Stay the Parties' 26(f) Conference Pending the Resolution of Transfer Mot. to Stay, docket no. 28, filed Sept. 10, 2015.

[6] Pl. CAO Group, Inc.'s Opp'n to Def.'s Mot. to Stay 26(f) Conference, docket no. 29, filed Sept. 11, 2015.

action is the Central District Court of California. Therefore, the Motion to Transfer is GRANTED, and the Motion to Stay is MOOT.

## DISCUSSION

This dispute arises out of Den-Mat's alleged infringement of five separate patents that CAO owns.[7] Den-Mat's headquarters are in the Central District of California.[8] Den-Mat also manufactures and produces in California the accused products that allegedly violate CAO's patents.[9]

Den-Mat argues that this case should be transferred to the Central District of California because "key documents and witnesses" pertaining to this case are located in that jurisdiction.[10] CAO, on the other hand, argues that transfer is not proper because the factors articulated in 28 U.S.C. 1404(a) are either neutral or disfavor transfer.[11] Furthermore, CAO emphasizes that transfer is not appropriate because courts generally give the plaintiff's choice of forum great deference.[12]

When considering whether to transfer a case to a different venue, courts are required to consider the following factors:

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; (3) the cost of making the necessary proof; (4) the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9)

---

[7] Compl. & Jury Demand ¶¶ 10–14. docket no. 2, filed June 11, 2015.

[8] Aff. of Robert Cartagena in Supp. of Def. Den-Mat Holdings, LLC Mot. to Transfer to the Central District of California or, in the Alternative, to Stay ("Affidavit. of Robert Cartagena") ¶ 3, docket no. 18, filed Aug. 10, 2015.

[9] *Id.* ¶ 4.

[10] Mot. to Transfer at 2.

[11] Transfer Opp'n at 6.

[12] *Id.* at 2.

all other considerations of a practical nature that make a trial easy, expeditious and economical.[13]

Courts should rarely disturb the plaintiff's choice of forum, "unless the balance [of factors] is strongly in favor of the movant."[14] However, "a plaintiff's choice of forum is afforded less deference when their choice of forum has little connection with the operative facts of the lawsuit."[15] "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept [generally] weighs in favor of transfer to that location."[16] Moreover, the "operative facts" in a patent infringement case typically include "facts relating to the design, development, and production of a patented product."[17] "Where a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer."[18]

Here, transfer to the Central District of California is appropriate because the operative facts of this case bear the greatest relation to California. Many witnesses that have information related to the design, development, and production of Den-Mat's accused products reside in California.[19] And although Den-Mat has transacted business in Utah,[20] CAO acknowledges that

---

[13] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[14] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[15] *Cmty. Television of Utah, LLC v. Aereo*, Inc., 997 F. Supp. 1191, 1206 (D. Utah 2014).

[16] *In re Genentech, Inc.,* 556 F.3d. 1338, 1346 (Fed. Cir. 2009).

[17] *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.,* 119 F. Supp. 433, 440 (S.D.N.Y. 2000).

[18] *Id.*; *see also Bovino v. Incase Designs Corp.*, No. 13-cv-2106-WJM-MJW, 2014 WL 1796914, at *2 (finding Plaintiff's choice of forum carried little weight where defendant's accused products have as much relation to the chosen forum as they do many other forums).

[19] Aff. of Robert Cartagena ¶¶ 5–12.

[20] *See* Def./Countercl. Den-Mat Holdings, LLC's Reply in Supp. of its Mot. to Transfer to the Central District of California or, in the Alternative, to Stay ("Reply Memorandum.") at 3, docket no. 31, filed September 14, 2015.

Den-Mat sells its accused products nationwide.[21] Thus, sales in Utah alone are not sufficient to establish a more significant connection to this forum. Since Den-Mat sells these accused products nation-wide, CAO's claim bears as much relation to many other jurisdictions as it does to Utah. Consequently, CAO's claim does not sufficiently relate to Utah to justify affording substantial weight to CAO's choice of forum.

Many of the factors identified in § 28 U.S.C. 1404(a) are neutral[22] in this case. The accessibility of witnesses and sources of proof weighs in favor of transfer, and "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[23] Many witnesses who have knowledge related to the design and manufacture of Den-Mat's accused products reside in California.[24] Although CAO identifies witnesses who reside in Utah that have information related to CAO's alleged damages,[25] those witnesses do not have information pertaining to the "design, development, and production"[26] of CAO's accused products.

## CONCLUSION

The operative facts of this case stem from California, so no substantial weight attaches to CAO's choice of forum. Moreover, given that convenience of potential witnesses is the most important factor in the transfer calculus, it is proper that this case be transferred to the Central District of California because the potential witnesses with information related to the design and

---

[21] Transfer Opp'n. at 4.

[22] The relative advantages and obstacles to a fair trial; the possibility of the existence of questions arising in the area of conflict of laws; and the advantage of having a local court determine questions of local law are either neutral or inapplicable. As Den-Mat points out, this Court's docket is more congested than the Central District of California's. Mot. to Transfer at 9–10. Furthermore, given Den-Mat manufactures the accused products in California, it will be easier for CAO to enforce any potential judgement in California.

[23] *Emp'r Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F. 3d 1153, 1169 (10th Cir. 2010).

[24] Aff. of Robert Cartagena ¶¶ 5–12.

[25] Transfer Opp'n at 3.

[26] *In re Genentech, Inc.*, 556 F.3d. at 1346 (Fed. Cir. 2009).

4

manufacture of Den-Mat's accused products, and the documentary evidence of those facts, are in California.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Transfer[27] is GRANTED.

IT IS FURTHER ORDERED Defendant's Motion to Stay[28] is MOOT.

Signed September 29, 2015.

BY THE COURT

_____
District Judge David Nuffer
United States District Court

---

[27] Def./Countercl. Den-Mat Holdings, LLC's Mot. to Transfer to the Central District of California or, in the Alternative, to Stay at 5, docket no. 17, filed Aug. 10, 2015.

[28] Pl. CAO Group, Inc.'s Opp'n to Def.'s Mot. to Stay 26(f) Conference, docket no. 29, filed Sept. 11, 2015.